Min Ji CHEN; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73561.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Charles J. Kinnunen, Esq., Hagatna, GU, Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioners.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., Robbin K. Blaya, Esq., Earle B. Wilson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Min Ji Chen, and her son, Da Li, natives and citizens of the People's Republic of China, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's order denying their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Chen v. Ashcroft*, 362 F.3d 611, 616 (9th Cir.2004), and we deny the petition for review.

The BIA determined there was no evidence of an objective basis for Chen's stated fear that, if removed to China, she would be sterilized because she had a second child while living in the United States. We are not compelled to conclude otherwise. Chen therefore failed to demonstrate a well-founded fear of future persecution. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000) (holding that petitioner must provide "credible, direct, and specific evidence" to satisfy the objec-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tive component of a well-founded fear of future persecution claim).

Because Chen failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**